IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN CLARENCE HALL | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § |
| | § NO. 3-07-CV-0362-G |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| | § |
| Respondent. | § |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Melvin Clarence Hall, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of tampering with a governmental record.[1] Punishment, enhanced by two prior felony convictions, was assessed at 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Hall v. State*, No. 05-05-00633-CR, 2006 WL 475808 (Tex. App.-- Dallas, Mar. 1, 2006, pet. ref'd). Petitioner also filed two applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Hall*, WR-25,005-05 (Tex. Crim. App. Nov. 8, 2006). The second application was denied without written order. *Ex parte Hall*, WR-25,005-06 (Tex. Crim. App. Jan. 17, 2007). Petitioner then filed this action in federal district court.

---

[1] The same jury also convicted petitioner of forgery and sentenced him to two years confinement. However, petitioner does not challenge that conviction in his federal writ.

II.

Petitioner challenges his conviction on two broad grounds: (1) he was denied due process when the trial court allowed his motion for new trial to expire by operation of law; and (2) he received ineffective assistance of counsel at trial and on appeal.

A.

As a preliminary matter, respondent argues that two of petitioner's claims are unexhausted and procedurally barred from federal habeas review. A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief

> based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Among the claims presented by petitioner in his federal writ are: (1) the trial court allowed his motion for new trial to expire by operation of law; and (2) his attorney failed to challenge the sufficiency of the evidence to support the enhancement allegations in the indictment. However, petitioner did not raise either claim on direct appeal or state collateral review. Nor has petitioner adequately explained the reason for this procedural default.[2] The court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under

---

[2] In a reply brief, petitioner argues that the failure to consider these claims on the merits will result in a "fundamental miscarriage of justice." (*See* Pet. Reply at 13). The "fundamental miscarriage of justice" exception to the procedural bar doctrine "is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000), *quoting Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Petitioner does not allege, much less prove, that he is actually innocent of the crime of conviction--tampering with a governmental record. His conclusory assertions are insufficient to avoid the procedural bar. *See Snyder v. Johnson*, No. 4-00-CV-1557-Y, 2001 WL 880703 at *4 & n.7 (N.D. Tex. Jul. 24, 2001), *citing Ross v. Estelle*, 694 F.2d 1008, 1111-12 (5th Cir. 1983).

article 11.07, § 4. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

B.

Petitioner further alleges that his representation at trial was constitutionally deficient in numerous respects. Succinctly stated, petitioner contends that his attorney: (1) failed to locate, interview, and subpoena an unnamed store clerk who reported the crime to the police; (2) did not conduct an adequate factual investigation before trial; (3) failed to investigate the validity of a prior conviction used to enhance his punishment; and (4) refused to file a motion for new trial or request a hearing on the motion.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1519-20. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner criticizes his attorney for failing to locate, interview, and subpoena a clerk who called the police after petitioner used a fictitious driver's license as identification when purchasing goods by check at a Home Depot store. According to petitioner, this witness provided a written statement to the police that was used against him at trial. (*See* Pet. Supp. Br. at 10). However,

petitioner does proffer the testimony of this missing witness or explain how it would have helped the defense. Without this evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel. *See Anderson v. Collins*, 18 F.3d 1208, 1211 (5th Cir. 1994).[3]

3.

Similarly, petitioner does not elaborate on his claim that counsel failed to investigate the facts of the case or interview potential witnesses before trial. Nowhere does petitioner explain what additional facts should have been discovered, identify potential witnesses favorable to the defense, or detail the substance of their missing testimony. His conclusory allegations are insufficient to merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 522 (N.D. Tex. 2001), *COA denied*, No. 01-11404 (5th Cir. Mar. 14, 2002).

4.

Petitioner also faults his attorney for failing to investigate the validity of a prior conviction that was used to enhance his punishment. As best the court can decipher this claim, petitioner apparently believes that his prior conviction in Case No. F-77-2874-JI, wherein he was charged with burglary of a habitation, is invalid and could not be used for enhancement purposes because he received a three-year sentence, which is less than the five-year statutory minimum sentence for a first-degree felony. (*See* Pet. Supp. Br. at 22). Although petitioner was originally charged with burglary of a habitation, a first-degree felony, the record shows that he was convicted of the lesser-included offense of burglary of a building, a second-degree felony. (*See* St. Exh. 7 at 4). At the time the offense was committed, the statutory minimum sentence under Texas law for a second-degree

---

[3] To the extent petitioner claims that the failure to call this witness violated his right to confrontation, that argument also lacks merit. Petitioner does not point to any hearsay statement that was used against him at trial. Nor does the record reflect that any such statement was introduced into evidence. Unless the challenged testimony or evidence constitutes hearsay, there is no Confrontation Clause violation. *See United States v. Williams*, 952 F.2d 1504, 1518 (6th Cir. 1991).

felony was two years confinement. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 1974). Petitioner's three-year sentence was well-within the range of punishment for the offense of conviction. Therefore, counsel had no reason to investigate the validity of that prior conviction. *See Franklin v. Dretke*, No. 3-01-CV-1681-G, 2004 WL 51727 at *5 (N.D. Tex. Jan. 7, 2004), *COA denied*, No. 04-10831 (5th Cir. Dec. 15, 2004) (counsel was not ineffective for failing to investigate validity of prior convictions used for enhancement purposes where petitioner failed to show that convictions were, in fact, invalid).

5.

In two related grounds, petitioner contends that he received ineffective assistance of counsel because his attorney refused to file a motion for new trial or request a hearing on the motion. The record shows that petitioner filed a *pro se* motion for new trial on May 2, 2005, and an amended *pro se* motion for new trial on May 17, 2005. (St. App. Tr. at 128, 144). Although petitioner alleges that he was forced to file these motions on his own behalf "due to counsels [sic] abandonment," (*see* Pet. Supp. Br. at 7), the record shows otherwise. At a hearing held on May 25, 2005, defense counsel informed the trial court:

> I have prepared my own motion, Judge, for him; but I didn't submit it because he filed his own pro se motions, and I didn't want to supplement those motions . . . And he's filed another amended pro se motion, and my position is that I'm not gonna file anything because of the fact that he's already filed the motion for new trial.

(SF-V at 3). Because petitioner filed his own motion for new trial, counsel was not required to file a separate motion. *See Kingery v. Dretke*, No. H-05-3350, 2006 WL 1441925 at *17 (S.D. Tex. May 23, 2006) (counsel not required to adopt arguments made by defendant in *pro se* motion). Nor was counsel ineffective for failing to request a hearing on petitioner's *pro se* motion for new trial. *Id.*

These grounds for relief are without merit and should be overruled.[4]

C.

Finally, petitioner contends that his appellate lawyer was ineffective for failing to communicate with him and for not raising certain issues on direct appeal. "The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.), *cert. denied*, 110 S.Ct. 419 (1989); *see also Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 3313-14, 77 L.Ed.2d 987 (1983). Instead, counsel is obligated only to raise and brief those issues that are believed to have the best chance of success. *See Schaetzle v. Cockrell*, 343 F.3d 440, 445 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004); *United States v. Williamson*, 183 F.3d 458, 462-63 (5th Cir. 1999). In order to prove ineffective assistance of appellate counsel, a petitioner must show that the decision not to raise an issue on appeal fell below an objective standard of reasonableness. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000), *citing Strickland*, 104 S.Ct. at 2064. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." *Id., quoting Williamson*, 183 F.3d at 462-63.

Petitioner complains that his court-appointed appellate lawyer failed to communicate with him prior to filing a brief. Had counsel consulted with petitioner, he would have insisted that she raise two additional issues on direct appeal. First, petitioner wanted to appeal his conviction on the ground that the trial court refused to let him enter a plea to the indictment in the presence of the jury. Second, petitioner wanted to argue that the state never introduced certified "pen packets," or any

---

[4] One of the issues petitioner wanted his attorney to raise in a motion for new trial was misconduct by a member of the jury. According to petitioner, one of the jurors was a detention officer at the Kaufman County Jail, but lied about his employment on the juror information card. (*See* Pet. Supp. Br. at 6). To the extent petitioner intends to assert juror misconduct as an independent claim or as part of his ineffective assistance of counsel claim, he has failed to adduce any evidence that the juror actually worked at the Kaufman County Jail or lied on his juror information card. Nor is there any evidence that petitioner reported his suspicions about the juror to defense counsel at any time during the trial.

other competent evidence, to prove-up his prior convictions. *See Ex parte Hall*, WR-25,005-06, Tr. at 103-05. Both claims are without merit. With respect to the first claim, the record shows that petitioner was arraigned by the trial judge and entered a plea of "not guilty" to the indictment in the presence of the jury. (*See* SF-III at 66). There was no basis for counsel to appeal on that ground.[5] The record also shows that petitioner's lawyer challenged the admission of the penitentiary packets reflecting his prior convictions. In her appellate brief, counsel argued:

> The identifiers in the pen packs from the Texas Department of Criminal Justice, were insufficient to show Appellant was the person convicted in those prior offenses. Further, the evidence admitted, which was a certified government record, *i.e.* Appellant's birth certificate, proved Appellant was not the same age as the person identified in the pen packs and, therefore, the Court erred by allowing the pen packets to be considered for enhancement purposes when Appellant plead not true to the enhancements and the State did not meet its burden of proof to show said prior convictions were those of Appellant.

(*See* St. App. Br. at 9). That point of error was considered and rejected by the court of appeals. *Hall*, 2006 WL 475808 at *3-5. To the extent petitioner claims that counsel should have attacked his prior convictions on other grounds, he has failed to articulate a legitimate basis for such an argument, much less shown that the outcome of his appeal would have been different. *See Sims v. Dretke*, No. 3-01-CV-2204-H, 2004 WL 1856828 at *18 (N.D. Tex. Aug. 19, 2004), *rec. adopted*, 2004 WL 1960176 (N.D. Tex. Sept. 3, 2004), *COA denied*, No. 04-11192 (5th Cir. Apr. 5, 2006) (petitioner not entitled to habeas relief where he failed to show how consultation with appellate counsel would have resulted in a different outcome on appeal). This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

---

[5] Although petitioner believes that the trial transcript was "tampered with," *see Ex parte Hall*, WR-25,005-06, Tr. at 104, there is absolutely no evidence to support such an accusation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE